IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31085
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STEPHEN LESTER LACY,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-50029-ALL
---------------------
August 2, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Stephen Lester Lacy was convicted of bank fraud, money laundering, and bankruptcy fraud related to his doing business as Professional Computer Analysts (PCA). Lacy appeals his conviction and sentence.

Lacy argues that the district court abused its discretion by rejecting his jury instruction on good faith reliance on the advice of counsel. United States v. Correa-Ventura, 6 F.3d 1070,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1076 (5th Cir. 1993). The district court found that the charge as given contained the substance of the requested instruction. See United States v. Chaney, 964 F.2d 437, 444 (5th Cir. 1992). Lacy has not shown reversible error on this point.

Lacy argues that the district court erred in denying his motion to dismiss some of the counts of the indictment because they were multiple counts applied to the same behavior. The district court did not err in denying the motion because each count of money laundering and bankruptcy fraud specified a separate and distinct offense. See Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Cluck, 143 F.3d 174, 179 (5th Cir. 1998).

Lacy argues that the district court erred in increasing his offense level for specific offense characteristics by the amount of the entire intended fraud. Lacy has not shown that the district court erred in applying the grouping provisions of the guidelines to his counts of conviction. United States v. Leonard, 61 F.3d 1181, 1185 (5th Cir. 1995). Lacy has also not shown that the district court was clearly erroneous in determining the amount of loss that is relevant conduct to the grouped offenses. See United States v. Rodriquez, 278 F.3d, 486, 493 (5th Cir. 2002).

AFFIRMED.